**CITY OF GAINESVILLE, GEORGIA, Plaintiff-Appellee-Cross Appellant,**

v.

**SOUTHERN RAILWAY COMPANY, Defendant-Appellant-Cross Appellee.**

No. 29758.

United States Court of Appeals, Fifth Circuit.

Sept. 2, 1971.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

1. See N.L.R.B. v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

Emory F. Robinson, Gainesville, Ga., Charles J. Bloch, Macon, Ga., Charles A. Horsky, James Hamilton, Washington, D. C., Ellsworth Hall, Jr., Macon, Ga., for appellant.

William B. Gunter, Samuel L. Oliver, Kenyon, Gunter, Hulsey & Sims, Gainesville, Ga., for appellee, City of Gainesville, Ga.

Before JOHN R. BROWN, Chief Judge, and COLEMAN and CLARK, Circuit Judges.

PER CURIAM:

This is the second appellate appearance of this case. Our prior opinion is reported at 423 F.2d 588 (1970). We remanded the case to the District Court for findings on one issue. Our language was explicit:

"We do not hold that a municipality or a state does not have full power to require a railroad company to bear all the cost for a grade crossing safety device, nor that the Gainesville ordinance is unconstitutional per se because it is an unreasonable and arbitrary exercise by the City of Gainesville of its police power, nor that benefit should be the sole measure of the allocation of cost. We find here that the district court did not make a finding as to the reasonableness of the allocation of costs in installing and maintaining the signal devices as to this particular case, a determination which might or might not make the application of the ordinance unconstitutional. Therefore, we conclude that we must remand the case to the district court for a determination as to the reasonableness under all of the circumstances, of the allocation of one hundred percent of the cost to Southern Railway." 423 F.2d at 591.

The District Court complied with the mandate. It held a further hearing on April 17, 1970. On April 21, 1970, it filed an additional memorandum opinion and order, concluding as follows:

"The 100% allocation of costs to the railroad is not so arbitrary and unreasonable as to be in violation of the due process and equal protection clause of the Fourteenth Amendment nor are the sums involved unreasonable in amount.

"Accordingly, it is the order and direction of the court that the defendant proceed to install and maintain at its own expense 'automatic signal devices which flash lights and ring bells upon the approach of a train to said crossing'. Said installation shall be completed no later than May 30, 1970."

On both the original and supplemental record, briefs, and oral argument of the parties, we find no error, and the judgment of the District Court, on remand, is affirmed.

The judgment of the District Court, dated May 6, 1970, declining to interfere with the order of a panel of this Court concerning the assessment of costs on the prior appeal is likewise affirmed.